FILED
2011 Apr-26  AM 11:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| DAVID FANCHER and WANDA FANCHER,<br><br>    Plaintiffs,<br><br>v.<br><br>FECON, INC.; TOP LINE EQUIPMENT; DAVID LAWRENCE; and FICTITIOUS DEFENDANTS "A" THROUGH "F,"<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO. |

### ANSWER

Defendant Fecon, Inc. ("Fecon") responds to the plaintiffs' complaint as follows:

### PARTIES

1.    Fecon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2.    Fecon is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3.  Fecon admits only that it is a corporation with its principal office in Lebanon, Ohio, that has sold and marketed Fecon equipment. Fecon denies the remaining allegations in paragraph 3.

4.  The allegations in paragraph 4 relate or are directed to a party other than Fecon, and therefore no response from Fecon is required.

5.  The allegations in paragraph 5 relate or are directed to a party other than Fecon, and therefore no response from Fecon is required.

FACTS

6.  Fecon adopts and incorporates by reference its responses to paragraphs 1 through 5 as if fully set out herein.

7.  Fecon is without knowledge or information sufficient to form a belief as to the allegations in the second and third sentences in paragraph 7. Fecon denies the remaining allegations in paragraph 7.

8.  The allegations in paragraph 8 relate or are directed to parties other than Fecon, and therefore no response from Fecon is required. If a response is deemed required, Fecon denies the allegations in paragraph 8 and demands strict proof thereof.

9.  Fecon denies the allegations in paragraph 9.

10.    Fecon is without knowledge or information sufficient to form a belief as to the allegations in the second sentence in paragraph 10. Fecon denies the remaining allegations in paragraph 10.

11.    To the extent that the allegations in paragraph 11 relate or are directed to Fecon, they are denied.

12.    To the extent that the allegations in paragraph 12 relate or are directed to Fecon, they are denied.

<u>COUNT I</u>

13.    Fecon adopts and incorporates by reference its responses to paragraphs 1 through 12 as if fully set out herein.

14.    Paragraph 14 consists solely of legal conclusions to which no response from Fecon is required; however, Fecon denies the allegations in paragraph 14.

15.    Paragraph 15 consists solely of legal conclusions to which no response from Fecon is required; however, to the extent that the allegations relate or are directed to Fecon, they are denied.

16.    The allegations in paragraph 16 refer to purported documents that, being in writing, speak for themselves.  Fecon denies the remaining allegations in paragraph 16.

17.     The allegations in paragraph 17 refer to purported documents that, being in writing, speak for themselves.   Fecon denies the remaining allegations in paragraph 17.

18.     Fecon denies the allegations in paragraph 18.

19.     Fecon denies the allegations in paragraph 19.

WHEREFORE, premises considered, Fecon requests that judgment be entered in its favor and against plaintiffs on all claims, and that Fecon be awarded the costs of this action, together with such other and further relief as may be appropriate.

## COUNT II

20.     Fecon adopts and incorporates by reference its responses to paragraphs 1 through 19 as if fully set out herein.

21.     The allegations in paragraph 21 refer to purported documents that, being in writing, speak for themselves.   To the extent that the remaining allegations in paragraph 21 relate or are directed to Fecon, they are denied.

22.     Fecon denies the allegations in paragraph 22.

23.     To the extent that the allegations in paragraph 23 relate or are directed to Fecon, they are denied.   Fecon further avers that it did not sell the equipment to the plaintiffs.

4

WHEREFORE, premises considered, Fecon requests that judgment be entered in its favor and against plaintiffs on all claims, and that Fecon be awarded the costs of this action, together with such other and further relief as may be appropriate.

COUNT III

24.     Fecon adopts and incorporates by reference its responses to paragraphs 1 through 23 as if fully set out herein.

25.     Paragraph 25 consists solely of legal conclusions to which no response from Fecon is required.

26.     Paragraph 26 consists solely of legal conclusions to which no response from Fecon is required; however, Fecon denies the allegations in paragraph 26.

27.     Paragraph 27 consists solely of legal conclusions to which no response from Fecon is required; however, Fecon denies the allegations in paragraph 27 and demands strict proof thereof.

28.     Paragraph 28 consists solely of legal conclusions to which no response from Fecon is required; however, Fecon denies the allegations in paragraph 28.

29.     Paragraph 29 consists solely of legal conclusions to which no response from Fecon is required; however, Fecon denies the allegations in paragraph 29 and demands strict proof thereof.

30.     Fecon denies the allegations in paragraph 30.

31.     Fecon denies the allegations in paragraph 31.

WHEREFORE, premises considered, Fecon requests that judgment be entered in its favor and against plaintiffs on all claims, and that Fecon be awarded the costs of this action, together with such other and further relief as may be appropriate.

<u>COUNT IV</u>

32.     Fecon adopts and incorporates by reference its responses to paragraphs 1 through 31 as if fully set out herein.

33.     Paragraph 33 consists solely of legal conclusions to which no response from Fecon is required; however, Fecon denies the allegations in paragraph 33.

34.     Paragraph 34 consists solely of legal conclusions to which no response from Fecon is required; however, Fecon denies the allegations in paragraph 34.

35.     Fecon denies the allegations in paragraph 35.

36.     To the extent that the allegations in paragraph 36 refer to purported documents, those documents, being in writing, speak for themselves. Fecon denies the remaining allegations in paragraph 36.

37.     Fecon denies the allegations in paragraph 37.

38.     Fecon denies the allegations in paragraph 38.

39.     Fecon denies the allegations in paragraph 39.

40.     Fecon denies the allegations in paragraph 40.

41.     Fecon denies the allegations in paragraph 41.

WHEREFORE, premises considered, Fecon requests that judgment be entered in its favor and against plaintiffs on all claims, and that Fecon be awarded the costs of this action, together with such other and further relief as may be appropriate.

## COUNT V

42.     Fecon adopts and incorporates by reference its responses to paragraphs 1 through 41 as if fully set out herein.

43.     Fecon admits that plaintiffs are bringing the specified claim, but Fecon denies any and all liability to plaintiffs under said laws.

44.     Fecon denies the allegations in paragraph 44.

45.     Fecon denies the allegations in paragraph 45.

46.    To the extent that the allegations in paragraph 46 refer to purported documents, those documents, being in writing, speak for themselves. Fecon denies the remaining allegations in paragraph 46.

47.    Fecon denies the allegations in paragraph 47.

48.    Fecon denies the allegations in paragraph 48.

49.    Fecon denies the allegations in paragraph 49.

50.    Fecon admits that plaintiffs are claiming punitive damages, but Fecon denies any and all liability to plaintiffs for such damages.

WHEREFORE, premises considered, Fecon requests that judgment be entered in its favor and against plaintiffs on all claims, and that Fecon be awarded the costs of this action, together with such other and further relief as may be appropriate.

<u>COUNT VI</u>

51.    Fecon adopts and incorporates by reference its responses to paragraphs 1 through 50 as if fully set out herein.

52.    To the extent that the allegations in paragraph 52 refer to purported documents, those documents, being in writing, speak for themselves. Fecon denies the remaining allegations in paragraph 52.

53.    Fecon denies the allegations in paragraph 53.

54.    Fecon denies the allegations in paragraph 54.

WHEREFORE, premises considered, Fecon requests that judgment be entered in its favor and against plaintiffs on all claims, and that Fecon be awarded the costs of this action, together with such other and further relief as may be appropriate.

COUNT VII

55.   Fecon adopts and incorporates by reference its responses to paragraphs 1 through 54 as if fully set out herein.

56.   Fecon denies the allegations in paragraph 56 and denies that it was the seller of the subject equipment to the plaintiffs.

WHEREFORE, premises considered, Fecon requests that judgment be entered in its favor and against plaintiffs on all claims, and that Fecon be awarded the costs of this action, together with such other and further relief as may be appropriate.

COUNT VIII

57.   Fecon adopts and incorporates by reference its responses to paragraphs 1 through 56 as if fully set out herein.

58.   Fecon denies the allegations in paragraph 58.

59.   Fecon denies the allegations in paragraph 59.

60.   Fecon denies the allegations in paragraph 60.

WHEREFORE, premises considered, Fecon requests that judgment be entered in its favor and against plaintiffs on all claims, and that Fecon be awarded the costs of this action, together with such other and further relief as may be appropriate.

## COUNT IX

61.   Fecon adopts and incorporates by reference its responses to paragraphs 1 through 60 as if fully set out herein.

62.   To the extent that the allegations in paragraph 62 relate or are directed to Fecon, they are denied.

WHEREFORE, premises considered, Fecon requests that judgment be entered in its favor and against plaintiffs on all claims, and that Fecon be awarded the costs of this action, together with such other and further relief as may be appropriate.

## **ADDITIONAL DEFENSES**

Discovery and investigation may reveal that any one or more of the following additional defenses should be available to Fecon in this matter.  Fecon therefore asserts said additional defenses in order to preserve the right to assert them.  Upon completion of discovery and if the facts warrant, Fecon may withdraw any of these additional defenses as may be appropriate.  Further, Fecon reserves the right to amend this answer to assert additional defenses and other claims as

discovery proceeds.  Further answering and by way of additional defense, Fecon states as follows:

1.     Any allegation not specifically admitted is hereby denied.

2.     Plaintiffs' complaint, and each and every purported cause of action therein, fails to state facts sufficient to constitute a cause of action or a claim upon which relief can be granted against Fecon.

3.     Some or all of plaintiffs' claims are barred by the applicable statutes of limitations.

4.     Plaintiffs' claims against Fecon are barred, in whole or in part, by laches, waiver, and/or estoppel.

5.     Plaintiffs' claims are barred, in whole or in part, by plaintiffs' failure to mitigate their alleged damages.

6.     If plaintiffs sustained the injuries or incurred the expenses as alleged, which is expressly denied, said injuries or expenses were directly and proximately caused by the negligence or fault of parties other than Fecon, whether named or unnamed in plaintiffs' complaint, over whom Fecon had no supervision or control, and for whose actions and omissions Fecon has no legal responsibility.

7.     The injuries and damages claimed by plaintiffs, if any, resulted from an intervening or superseding cause and/or causes, and any act or omission

on the part of Fecon was not the proximate and/or competent producing cause of such alleged injuries and damages.

8.      If plaintiffs suffered damages as alleged in the complaint, which is expressly denied, such injuries arose from, and were caused by, risks, hazards, and dangers knowingly assumed by plaintiffs. Plaintiffs' recovery accordingly is barred or should be reduced by plaintiffs' assumption of the risk.

9.      Plaintiffs' recovery is barred because of plaintiffs' contributory negligence.

10.      Fecon pleads the defense of misuse of the product.

11.      Fecon pleads the defense of alteration of the product.

12.      The product described in plaintiffs' complaint was misused, improperly applied, improperly serviced, or improperly repaired by a party other than Fecon, and therefore, plaintiffs may not recover against Fecon.

13.      Plaintiffs' complaint fails to state a claim against Fecon upon which relief can be granted for several or joint and several liability.

14.      To the extent this action purports to hold one defendant liable for the acts of another, such violates the Due Process clause of the United States Constitution and the Alabama Constitution.

15.      Plaintiffs' claims for breach of warranty are barred because plaintiffs failed to give timely notice of any alleged breach of warranty.

16. There is a lack of privity between plaintiffs and Fecon.

17. Some or all of plaintiffs' claims for breach of warranty, express or implied, are barred by the applicable provisions of the Alabama Uniform Commercial Code.

18. Plaintiffs' purported allegations of fraud do not comply with Rule 9(b) of the Federal Rules of Civil Procedure.

19. Plaintiffs did not reasonably rely on any representation made by Fecon.

20. Plaintiffs' claims for injunctive or other equitable relief are barred because there is an adequate remedy at law.

21. To the extent that plaintiffs' claims and allegations against Fecon relate to mere puffery that is not misleading to a reasonable person, such claims are not actionable.

22. With respect to each and every purported cause of action, the acts of Fecon were at all times done in good faith and without malice.

23. Plaintiffs' alleged injuries and damages were not directly and proximately caused by any act or omission of Fecon.

24. Fecon denies that it is guilty of any negligence or wrongdoing of any nature whatsoever, denies that it manufactured or sold any product that was

in a defective condition or unreasonably dangerous in any regard, and specifically denies that it is liable to plaintiffs under any theory of law alleged in the complaint.

25.    Fecon denies that it is guilty of conduct referable to which punitive damages could or should be awarded and denies that plaintiffs have produced clear and convincing evidence sufficient to support or sustain the imposition of punitive damages against it.

26.    No act or omission of Fecon was willful, wanton, or with actual malice, and plaintiffs' complaint fails to state a claim upon which relief can be granted for punitive damages.

27.    Any claim for punitive damages against Fecon would violate Fecon's rights under the Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments to the Constitution of the United States and Article 1, Sections 1, 2, 6, 11, 13, 15, 27, and 35 of the Alabama Constitution.

28.    Plaintiffs cannot recover punitive damages against Fecon because such an award, which is penal in nature, would violate Fecon's constitutional rights under the Alabama Constitution and the United States Constitution, unless it is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self incrimination, the right to forego production and disclosure of incriminating documents, and the right to the requirement of a level of proof beyond a reasonable doubt.

29.    The imposition of punitive damages against Fecon in this case, based upon the alleged conduct of other defendants, would violate the rights of Fecon under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Due Process Clause of Article 1, Section 13 of the Alabama Constitution, and the prohibition against cruel and unusual punishment and excessive fines under the Eighth Amendment to the United States Constitution.

30.    Any punitive damages sought against Fecon would be in excess of comparable maximums established for criminal fines by the Alabama legislature in Ala. Code §§ 13A-5-11 and 13A-5-12, jointly and separately.

31.    Fecon pleads the constitutional limitations set forth in *BMW of North America v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 123 S. Ct. 1513 (2003), and *Horton Homes, Inc. v. Brooks*, 832 So. 2d 44 (Ala. 2001), since determination of the amount or proper circumstances for an award of punitive damages without consideration of these limitations would deny Fecon due process of law in violation of the Fourteenth Amendment to the United States Constitution and in violation of the Alabama Constitution.

32.    Subjecting Fecon to punitive damages, or affirming an award of punitive damages against Fecon in this case, would amount to and constitute a

denial of due process as afforded by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and by the Due Process Clause of Article 1, Section 6 of the Alabama Constitution, as a deprivation of property without due process, or standards or criteria of due process, based upon the following grounds and circumstances, separately and severally assigned:

a.    any award of punitive damages against Fecon under the evidence in this case would necessarily be based upon an evidentiary standard no higher or more than a standard of simple negligence, and not upon a standard of proof beyond a reasonable doubt;

b.    there is a lack of reasonable standards necessary to instruct the jury on the propriety and amount of any punitive damages award, and, unless such awards are subject to predetermined limits, such awards cannot pass constitutional muster;

c.    use of the Alabama Pattern Jury Instruction 11.03 in instructing the jury as to the award of punitive damages, and the amount of such an award, does not provide sufficient guidance or standards for the award or amount of punitive damages;

d.    any punitive damages award would not be subject to post trial and appellate review on the basis of suitable and sufficient objective standards and criteria;

e.      the power and authority imposed upon the jury under Alabama law as to the amount of punitive damages awarded under the statutory cap is so relatively unfettered that there is lacking any reasonable or logical standard, uniform criteria, or guidance in the assessment of the amount of the award of punitive damages;

f.      under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and a defendant's alleged wrongful or culpable conduct;

g.      under Alabama law and procedure, there is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and the interests or goals of the State of Alabama referable to the imposition or allowance of punitive damages;

h.      under Alabama law and procedure, there is no objective or rational criteria for the amount of the award of punitive damages as it relates or compares to the assessment of compensatory damages, or amount of compensatory damages;

i.      in the event that a single verdict be mandated against Fecon and all defendants herein for an award of punitive damages in this case, such a single verdict would be imposed regardless of the degree of culpability of a particular defendant, and such a nonapportionment rule could result in a joint and several

verdict against all defendants whereby punitive damages could be assessed against one defendant based in part upon culpability of another defendant, and such a joint verdict in a single amount could be enforced against Fecon for any portion of that judgment regardless of Fecon's culpability, or relative culpability;

j.      should the Court require the award of punitive damages in a single, joint, and several verdict of one amount, an adoption of this nonapportionment rule would be contrary to the objective of punishing specific misconduct, and would be contrary to the objective of assessing punitive damages according to culpability of conduct;

k.      where a joint and several punitive damages award is mandated to be in a single amount against each defendant, such a rule additionally violates a defendant's right to trial by jury as the jury would be prohibited from apportioning damages against the defendants according to the degree of culpability of the conduct of the respective defendant;

l.      an award of punitive damages may be assessed against Fecon for unauthorized acts of its agent or agents without any additional requirement of knowledge or fault on the part of Fecon;

m.      an award of punitive damages may be assessed against Fecon vicariously as a principal without any further proof of independent, wrongful conduct or ratification by Fecon;

n.      Alabama procedures, pursuant to which amounts of punitive damages are awarded, permit the imposition of different penalties for the same or similar acts;

o.      under Alabama law and procedures governing the award and assessment of punitive damages, there is no objective, logical, or reasonable standard or criteria which governs the award, or the amount of the award, of punitive damages;

p.      the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Fecon;

q.      the procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

r.      the procedures pursuant to which punitive damages are awarded fail to provide a clear post trial or appellate standard of review for an award of punitive damages;

s.      the procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and

t.      an award of punitive damages would constitute an arbitrary and capricious taking of property of Fecon without due process of law.

33.    Any imposition of punitive damages in this case against Fecon would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

34.    To award punitive damages against Fecon in this case would have a chilling effect upon Fecon's rights to open access to the courts in this State, in violation of the United States Constitution and the Alabama Constitution, separately and severally.

35.    Based upon Alabama procedures relative to punitive damages, which provide no objective, logical, or reasonable standards or criteria which govern the award, Fecon is denied equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article 1, §§ 1, 6, and 22 of the Alabama Constitution, separately and severally.

36.    In the event, and to the extent, that the award of punitive damages, or the amount of the award of punitive damages under Alabama practice and procedure, is deemed to be governed by § 6-11-20, Ala. Code 1975, then, and to that extent, said section violates the Alabama Constitution and the United States Constitution, separately and severally, based upon the grounds enumerated and set forth in the foregoing paragraphs.

37.    Any demand for punitive damages in the instant case would be subject to those limitations established by the Alabama Legislature and set forth in § 6-11-21, Code of Alabama, as amended in 1999 (Act. No. 99-358). Fecon adopts by reference the defenses, criteria, limitations, and standards mandated by this Alabama statute.

38.    The Alabama Supreme Court's action in abolishing the legislatively created cap on punitive damages was unconstitutional. Under the Constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature as to punitive damages. See *Honda Motor Co., Ltd. v. Oberg*, 512 U.S. 415, 431 n.9, 114 S. Ct. 2331, 129 L. Ed. 2d 336 (1994).

39.    Fecon adopts the terms of any applicable legislative act or Alabama Supreme Court decision which now or hereafter precludes punitive damages or limits the amount of punitive damages which can be recovered in an action at law in Alabama.

40.    Fecon pleads the general issue and denies that it was liable or responsible for any alleged damages to plaintiffs.

41.    Fecon adopts and incorporates by reference all defenses pleaded by other defendants except to the extent that they are inconsistent with Fecon's defenses pleaded in this answer.

42.     Fecon reserves the right to amend its answer and separate and additional defenses to conform to such facts as may be revealed in discovery or otherwise.


_John David Owen_
John David Owen (OWE029)
Attorney for Defendant Fecon, Inc.


OF COUNSEL

BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the foregoing on:

Marcus A. Jones III, Esq.
MARCUS A. JONES III & ASSOCIATES, P.C.
300 North Richard Arrington Jr. Boulevard, Suite 200
Birmingham, Alabama 35203

Top Line Equipment
c/o Mr. David Lawrence
6333 FM1960
Humble, Texas 77338

Luther J. Strange III, Esq.
OFFICE OF THE ATTORNEY GENERAL
Post Office Box 300152
Montgomery, Alabama 36130-0152

by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to their regular mailing addresses, on this _25th_ day of April 2011.

_____
OF COUNSEL